IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES L. KIRK,

                                    OPINION AND ORDER

                Plaintiff,

                                    18-cv-110-bbc

    v.

TAMMI MAASSEN, W. BRAD MARTIN,
DEBRA TIDQUIST, CHERYL MARSOLEK
AND GEORGIA KOSTOHYZ,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff James Kirk filed this lawsuit pro se, contending that he was denied adequate treatment for a serious heart condition while incarcerated at Jackson Correctional Institution. I granted plaintiff leave to proceed on claims under the Eighth Amendment, and recruited counsel to represent him. On July 2, 2021, I granted defendants' motion for summary judgment, concluding that plaintiff could not show that defendants acted with deliberate indifference to his heart problems. Dkt. #67.

      Now plaintiff has filed two pro se motions. First, he filed a motion to terminate counsel. Dkt. #69. I will grant the motion. When the court recruited counsel, I explained that counsel's representation extended only to proceedings in this court, including the filing of a notice of appeal. Dkt. #36. Counsel represented plaintiff throughout discovery and summary judgment proceedings, and plaintiff states that he does not want or need the assistance of counsel to file a notice of appeal. Therefore, counsel has fulfilled its obligation to plaintiff and the court.

1

Second, plaintiff filed a motion for reconsideration of the summary judgment decision. Dkt. #70. Plaintiff argues that the court erred by misinterpreting several of the medical records, that defendants and others falsified some of plaintiff's medical records and test results, and that plaintiff's counsel and the court ignored evidence that supported plaintiff's claims. Plaintiff's arguments are not persuasive. Many of plaintiff's arguments are based on alleged out-of-court statements made by non-defendants that cannot be considered by the court. For example, the court cannot consider alleged statements by doctors stating that plaintiff's heart had blockages or that his problems required more serious interventions, because those doctors did not submit sworn declarations verifying the accuracy of the statements. MMG Fin. Corp. v. Midwest Amusements Park, LLC, 630 F.3d 651, 656 (7th Cir. 2011) ("A party may not rely on inadmissible hearsay to avoid summary judgment.").

Plaintiff also relies on his own interpretation of medical records and symptoms to argue that defendants ignored a heart attack and other problems. However, plaintiff is not qualified to provide an opinion about the whether he experienced a heart attack or something else. And, in a case such as this, in which it is undisputed that plaintiff received medical care, plaintiff must show that the care he received was "blatantly inappropriate," and amounted to "so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014). Plaintiff's own opinion about what treatment he should have received is not sufficient to create a genuine dispute

2

of material fact at the summary judgment stage. Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006).

Moreover, the court considered the records on which plaintiff relies, and concluded that the records did not show that defendants acted with deliberate indifference to his heart condition. Accordingly, plaintiff's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that

1. Plaintiff James Kirk's motion to terminate counsel, dkt. #69, is GRANTED.

2. Plaintiff's motion for reconsideration, dkt. #70, is DENIED.

Entered this 7th day of September, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge